Stephen Montoya (#011791)
**Montoya, Jimenez & Pastor, P.A.**
3200 North Central Avenue, Suite 2550
Phoenix, Arizona 85012
602-256-6718 (telephone)
602-256-6667 (fax)
stephen@montoyalawgroup.com

Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christine Moorehead, | No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| Hi-Health Supermart Corporation, | (Jury Trial Demanded) |
| Defendant. | |

For her Complaint against Defendant, Plaintiff alleges the following:

1. This is an action seeking equitable relief and money damages for age discrimination and retaliation in the workplace brought by Christine Moorehead against her former employer, Hi-Health Supermart Corporation, pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621, et seq., and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

2. This Court has jurisdiction over this action under 28 U.S.C. §§1331 and 1343(4).

3. Venue is proper in this District under 28 U.S.C. §1391(b) and 42 U.S.C. §2000e-5(f)(3).

4. Defendant caused events to occur in Maricopa County, Arizona giving rise to this Complaint.

5. Christine Moorehead is a citizen of the United States of America residing in Maricopa County, Arizona.

6. Ms. Moorehead is female in gender and over forty-years of age.

7. Hi-Health Supermart Corporation ("Hi-Health") is a corporation doing business in Maricopa County, Arizona.

8. At all times material to this Complaint, Hi-Health has been an "employer" continuously engaged in an industry affecting interstate commerce within the meaning of Sections 701(b), (g), and (h) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, and has had at least fifteen employees for each working day for at least twenty days during the past calendar year.

9. Hi-Health employed Ms. Moorehead as a "Buyer" and then a "Senior Buyer" from approximately January 1995 to March 30, 2012.

10. Ms. Moorehead's work performance during her entire tenure of employment at Hi-Health was uniformly excellent.

11. In approximately 2000, Ms. Moorehead was called as a witness for the plaintiff in a discrimination case against Hi-Health entitled Lansdale v. Hi-Health Supermart Corporation, No. CV 97-2555-PHX-RGS, where she testified that the President of Hi-Health, Simon Chalpin, was creating a discriminatory work environment.

12. During the Lansdale litigation, another buyer at Hi-Health, Mr. Jay Chopra, testified in favor of the company, falsely claiming that there was not a discriminatory work environment at Hi-Health based on gender.

13. Almost immediately after the jury rendered a $1,100,000.00 verdict against Hi-Health, both Mr. Chalpin and Mr. Chopra refused to look at Ms. Moorehead or

speak to her at work.

14. Mr. Chopra also criticized the content of Ms. Moorehead's trial testimony in the <u>Lansdale</u> case in the workplace.

15. Moreover, soon <u>after</u> Ms. Moorehead testified in the <u>Lansdale</u> case, Mr. Chopra commenced a pattern of regularly falsely claiming to Mr. Chalpin that she was <u>not</u> performing her job duties adequately at Hi-Health.

16. In contrast, <u>before</u> Ms. Moorehead testified against Hi-Health at the <u>Lansdale</u> trial, Mr. Chopra would look at Ms. Moorehead, smile at her, appear to be happy to work with her, and never criticize her work performance.

17. Sometime after Mr. Chalpin fired Jill Lansdale, the plaintiff in <u>Lansdale v. Hi-Health</u>, Mr. Chalpin promoted Mr. Chopra first to "General Merchandise Manager" and then eventually to "Chief Operating Officer," and Mr. Chopra became Ms. Moorehead's direct supervisor.

18. After Simon Chalpin promoted Mr. Chopra, Mr. Chopra continued to treat her in the manner described in paragraphs 13 and 15 above, but worse.

19. Around the time that Ms. Moorehead celebrated her sixtieth birthday in July 2011, Mr. Chopra started to make derogatory comments based upon her age and linked her age with what he (falsely) claimed to be poor job performance.

20. For example, Mr. Chopra told Ms. Moorehead:

- "I know you're older, but you need to come into the 21st Century";
- "I know you've been around a long time and you're older than the other buyers, but you still should be able to come up with some new ideas";

-3-

- "I know you're older than the other buyers, but that shouldn't stop you from being innovative and creative";

- "Other people in the company as well as myself look around and wonder whether or not you can keep up with the other younger buyers";

- "I know you're over 60 now but, you still need to keep up with the other younger buyers, if not, this job might not be for you."

21. Mr. Chopra made many other substantively similar comments to Ms. Moorehead regarding her age after her sixtieth birthday in the months and weeks before he ultimately terminated her.

22. Mr. Chopra also discriminated and retaliated against Ms. Moorehead by assigning her classes of products that were <u>not</u> as popular or as profitable as the products that he assigned to Ms. Moorehead's younger counterparts at Hi-Health.

23. Mr. Chopra also imposed unrealistically strict performance requirements on Ms. Moorehead that he did <u>not</u> impose on Ms. Moorehead's younger counterparts at Hi-Health.

24. Mr. Chopra ultimately discriminatorily terminated Ms. Moorehead on March 30, 2012, based on her age and her previous adverse trial testimony in the <u>Lansdale</u> case.

25. As a result of Hi-Health's misconduct as summarized above, Ms. Moorehead has suffered intense pain and suffering, humiliation, lost wages and other compensable damages.

26. The conduct summarized above perpetrated by Hi-Health was deliberate, intentional, and recklessly indifferent to Ms. Moorehead's federally protected

rights.

27. Based on the foregoing misconduct of Hi-Health, Ms. Moorehead timely filed a Charge of Discrimination against Hi-Health with the United States Equal Employment Opportunity Commission on August 1, 2012.  <u>See</u> attached Exhibit A.

28. Ms. Moorehead received a right to sue letter from the EEOC and timely commenced this action within ninety-days of her receipt of that letter.  <u>See</u> attached Exhibit B.

Based on the foregoing, Plaintiff respectfully requests the Court to award her the following relief against Defendant:

    A.    Issue a declaratory judgment declaring that Defendant's conduct violated Plaintiff's rights under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621, <u>et</u> <u>seq</u>., and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, as amended;

    B.    Issue a permanent injunction reinstating Plaintiff with back pay and enjoining Defendant from allowing its agents to engage in discrimination against Plaintiff in the future;

    C.    Issue a permanent injunction requiring Defendant to implement and enforce policies which provide equal employment opportunities for its employees and which eradicate the effects of its past discriminatory practices;

    D.    Issue Plaintiff an award of front pay against Defendant;

    E.    Award Plaintiff nominal, compensatory, and punitive damages against Defendant in amounts to be determined at trial; and

    F.    Award Plaintiff all other relief that is just, equitable, and appropriate under

the circumstances, including Plaintiff's costs and attorney fees.

Respectfully submitted this 17th day of November 2014.

**MONTOYA, JIMENEZ & PASTOR, P.A.**

s/ Stephen Montoya
Stephen Montoya
3200 North Central Avenue, Suite 2550
Phoenix, Arizona 85012
Attorney for Plaintiff

I hereby certify that on November 17, 2014, I electronically transmitted the foregoing document to the Clerk of Court using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following registrants:

s/ Stephen Montoya